UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ORLANDO WRIGHT,<br><br>        Plaintiff,<br><br>        v.<br><br>DAN PACHOLKE, TINA BURGESS, DENISE HINRICHSEN, MAC PEVEY, ELISABETH RASLER, WENDY STIGALL, and the WASHINGTON STATE DEPARTMENT OF CORRECTIONS;<br><br>        Defendants. | No.<br><br>COMPLAINT |

## I.    NATURE OF THE CASE

This is a civil rights case arising out of the arrest and re-incarceration of Plaintiff Orlando Wright—without a hearing, access to counsel, or any judicial review whatsoever—more than three years after he was released from prison, and more than a year after his maximum prison sentence had expired and he had been fully released from supervision by the Washington State Department of Corrections ("DOC"). Despite their knowledge that Mr. Wright had finished his prison sentence and that DOC had no more authority over him than they would over any other free citizen, in January 2016 the defendants issued a DOC "Secretary's Warrant – Escape from Prison or Work Release," falsely directing law enforcement officers across the state and country to apprehend Mr. Wright on the basis that he had "escaped" from prison. The defendants did this to Mr. Wright in an attempt to mitigate the public relations disaster caused by the disclosure in December 2015 that, since 2002, DOC had been erroneously calculating early release dates for

COMPLAINT - 1

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

11639.1 lc096001

1  prisoners. DOC had known of the software error causing the problem since December 2012, and
2  that prisoners such as Mr. Wright were being released early as a result, but decided not to take
3  the steps necessary to correct the error.

4  Pursuant to the fictitious escape warrant, the Bothell Police Department apprehended
5  Mr. Wright on January 18, 2016. Defendants ordered him delivered to the Washington State
6  Reformatory in Monroe, where he was held for 76 days. During that time, the actions of
7  defendants caused the life Mr. Wright had built since completing his sentence to fall apart. He
8  lost his job, lost his place in a technical education program, lost his housing, and lost custodial
9  rights to his child. Mr. Wright now brings this action seeking damages for the defendants'
10 violations of his rights under the United States Constitution and Washington state law.

## II.   PARTIES

2.1   Plaintiff Orlando Wright is a resident of King County, Washington.

2.2   Defendant Dan Pacholke is the former Secretary of the Washington State Department of Corrections ("DOC"). At all times relevant, Pacholke was the Secretary of DOC and acting under color of law and within the course and scope of his employment.

2.3   Defendant Tina Burgess is a current or former employee of DOC. At all times relevant, Burgess was an employee of DOC and was acting under color of law and within the course and scope of her employment.

2.4   Defendant Denise Hinrichsen is a current or former employee of DOC. At all times relevant, Hinrichsen was an employee of DOC and was acting under color of law and within the course and scope of her employment.

2.5   Defendant Mac Pevey is a current or former employee of DOC. At all times relevant, Pevey was an employee of DOC and was acting under color of law and within the course and scope of his employment.

2.6   Defendant Elisabeth Rasler is a current or former employee of DOC. At all times relevant, Rasler was an employee of DOC and was acting under color of law and within the course and scope of her employment.

COMPLAINT - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11639.1 lc096001

2.7  Defendant Wendy Stigall is a current or former employee of DOC. At all times relevant, Stigall was an employee of DOC and was acting under color of law and within the course and scope of her employment.

2.8  The Washington Department of Corrections is an agency of the State of Washington.

### III.  JURISDICTION AND VENUE

3.1  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.2  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims alleged herein occurred in Snohomish County, Washington.

### IV.  FACTS

4.1  On November 6, 2012, DOC released plaintiff Orlando Wright from prison.

4.2  Mr. Wright had been serving an eight-year prison sentence for robbery. The maximum expiration date for Mr. Wright's prison sentence was January 1, 2014.

4.3  Mr. Wright was released on November 6, 2012 based on DOC's calculation of his "good-time" credit.

4.4  In early December 2012, less than a month after DOC released Mr. Wright, Defendant Wendy Stigall, the DOC Records Manager, received an inquiry from the family of a victim in an unrelated case, expressing concern that DOC was releasing their child's assailant too early. Stigall discovered that for the previous ten years DOC's computer software had been incorrectly calculating good-time credits for prisoners with certain sentence enhancements.

4.5  On December 7, 2012, after conferring with Ms. Stigall, Assistant Attorney General Ronda Larson wrote an email to her supervisor and Stigall, acknowledging that the question from the victim's family "revealed a problem with OMNI's calculation method for sentences," which was "resulting in offenders with short base [sentences] receiving more good time than allowed by statute."

COMPLAINT - 3

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

11639.1 lc096001

4.6 Larson went on to advise DOC that although it should manually re-calculate the sentence that had led to discovery of the problem to avoid a lawsuit from the victim's family, it was not "necessary . . . to do hand calculations now of everyone in prison with an enhancement."

4.7 Instead, Larson suggested DOC wait for "the long process of reprogramming OMNI for everyone else." Larson recognized that "this will result in offenders being released earlier than the law allows for the time being, until OMNI gets fixed." But Larson reasoned that because "DOC has been releasing them earlier for a decade . . . a few more months is not going to make that much difference." Larson concluded that the problem was "not so urgent as to require the large input of personnel resources to do hand-calculations of hundreds of sentences."

4.8 Stigall and others in DOC, including DOC Assistant Secretary Denise Doty and DOC Risk Manager Kathy Gastreich, chose to follow this advice.

4.9 Stigall submitted a "Change Request" to DOC's IT Department on December 27, 2012, asking them to correct the software glitch in OMNI. But the software fix was delayed 16 times over the next 30 months, and DOC did not fix the programming error until January 12, 2016—more than three years later.

4.10 DOC's actions in failing to correct the sentencing calculation error and failing to manually re-calculate sentences for more than three years after its discovery were negligent.

4.11 Had DOC chosen in December 2012 to manually check the "good-time" credits for prisoners impacted by the error, it would have learned that it had released Mr. Wright 76 days too early.

4.12 Instead, Mr. Wright went about rebuilding his life. Between November 6, 2012 and January 5, 2015, Mr. Wright was under community supervision by DOC.

4.13 During that time, Mr. Wright worked to reintegrate into the community. He completed chemical dependency treatment. He obtained stable housing and work. His daughter was born in March 2014. He lived with her and her mother and saw her every day. He enrolled in the welding program at Renton Technical College, and also obtained a work-study job there in addition to his job at the Elephant Car Wash.

COMPLAINT - 4

4.14  On January 1, 2014, the maximum expiration date for Mr. Wright's prison sentence passed.

4.15  On November 3, 2014, Mr. Wright's Community Corrections Officer, Robert Herrera, met with Mr. Wright "to sign his notice to offender letter notifying him he was no longer under supervision of the Department of Corrections."

4.16  That letter further stated: "Any conditions of supervision imposed by the Department of Corrections are no longer in effect."

4.17  On January 2, 2015, DOC closed Mr. Wright's community supervision file.

4.18  DOC's "supervision closure" form noted that "[t]he offender has finished the above cause's period of supervision. Therefore we have closed supervision interest in this cause. The following information reflects the offender's compliance with the indicated Court ordered requirements."

4.19  The "supervision closure" form further noted that "Mr. Wright successfully completed his DOC supervision on the above cause. Mr. Wright reported as directed and provided clean urinalysis tests along with clean breathalyzer tests to monitor his no alcohol no drug condition."

4.20  DOC filed the supervision closure form with the King County Superior Court.

4.21  Almost twelve months later, on December 22, 2015, Governor Jay Inslee gave a press conference in which he disclosed to the public the sentencing calculation error which DOC had known about since December 2012.

4.22  In response to the public relations crisis that ensued, DOC announced that for the first time, it would recalculate the sentences impacted by the error and identify offenders who should be returned to prison.

4.23  DOC's decision to begin arresting former prisoners was made not in response to discovery of the error, but in response to the disclosure of that error to the public.

COMPLAINT - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11639.1 lc096001

4.24 On or about December 24, 2015, Defendant Dan Pacholke issued instructions to DOC staff regarding how to determine whether a former prisoner should be returned to prison based on DOC's failure to calculate sentences correctly.

4.25 Between January 1, 2016 and January 11, 2016, Defendants Elisabeth Rasler and/or Wendy Stigall and/or Tina Burgess and/or Denise Hinrichsen reviewed Mr. Wright's file and determined that Mr. Wright had been released from prison 76 days early.

4.26 Defendants Rasler and/or Stigall and/or Burgess and/or Hinrichsen and/or other agents of the Washington Department of Corrections decided, based on Defendant Pacholke's instructions, to return Mr. Wright to prison based on DOC's failure more than three years earlier to calculate his sentence correctly.

4.27 At the time Defendants Rasler and/or Stigall and/or Burgess and/or Hinrichsen and/or other agents of the Washington Department of Corrections decided to return Mr. Wright to prison, they knew that:

    4.27.1 The maximum expiration date of Mr. Wright's prison sentence had passed.

    4.27.2 Mr. Wright was no longer under DOC supervision.

    4.27.3 Mr. Wright's early release from prison was solely the fault of DOC.

    4.27.4 DOC knew that it was releasing prisoners early but chose not to address that error between December 2012 and December 2015.

4.28 Defendants' decision to return Mr. Wright to prison was negligent, outrageous, and made with reckless disregard for Mr. Wright's constitutional rights to be free from unreasonable seizures and not to be deprived of his liberty without due process of law.

4.29 On January 11, 2016, Defendants Tina Burgess and/or Mac Pevey and/or other agents of the Washington Department of Corrections issued a "Secretary's Warrant: Escape from Prison or Work Release" for Mr. Wright.

4.30 The "Escape Warrant" instructed "any sheriff, police, peace officer, law enforcement officer, and community corrections officer" to arrest Mr. Wright on the basis that he "has escaped from prison/work release."

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

11639.1 lc096001

4.31 It instructed that "pursuant to RCW 9.31.090, you are authorized and directed to arrest the offender and place him or her in total confinement pending return to prison. Offenders shall be detained in a county jail or equivalent local correctional facility until transport to a state correctional facility can be arranged."

4.32 RCW 9.31.090 provides only that "[e]very person in custody, under sentence of imprisonment for any crime, who shall escape from custody, may be recaptured and imprisoned for a term equal to the unexpired portion of the original term."

4.33 At the time they issued the warrant, Defendants Burgess, Pevey, and the Washington Department of Corrections knew that:

    4.33.1 Mr. Wright was not "in custody."

    4.33.2 Mr. Wright was not "under sentence of imprisonment for any crime."

    4.33.3 Mr. Wright had not "escape[d] from custody."

    4.33.4 Mr. Wright had not escaped from prison or work release.

    4.33.5 Mr. Wright's maximum prison sentence expiration date had passed.

    4.33.6 Mr. Wright was no longer under DOC supervision.

    4.33.7 Mr. Wright's early release from prison was solely the fault of DOC.

    4.33.8 DOC knew that it was releasing prisoners early but chose not to address that error between December 2012 and December 2015.

4.34 Defendants' decision to issue an "Escape Warrant" for Mr. Wright's arrest was negligent, outrageous, and made with reckless disregard for Mr. Wright's constitutional rights to be free from unreasonable seizures, arrests without probable cause, and deprivation of his liberty without due process of law.

4.35 On January 18, 2016, officers of the Bothell Police Department arrested Mr. Wright pursuant to the "Escape Warrant" and took him to the Snohomish County Jail.

4.36 On January 20, 2016, Mr. Wright was transferred to the Washington State Reformatory in Monroe to serve 76 days in prison.

COMPLAINT - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

11639.1 lc096001

4.37   Mr. Wright was not afforded a hearing, a lawyer, or any due process whatsoever before or after being taken back to prison.

4.38   DOC released Mr. Wright from prison on April 3, 2016.

4.39   By that time, as a direct and proximate result of Defendants' wrongful actions and omissions, the life Mr. Wright had tried to build for himself had fallen apart.  He had lost his jobs at Elephant Car Wash and the Renton Technical College work-study program.  He had lost his place in the welding program at Renton Technical College.  He had lost his apartment, his car, and all of his personal possessions.  He was homeless, and wandered the streets of Seattle for 13 days following his release.  The mother of his child filed for a parenting plan while he was in prison.  Because Mr. Wright could not attend the hearing while he was incarcerated, his former partner's parenting plan was unopposed, and he was denied custody and visitation rights to his daughter.

4.40   As a direct and proximate result of Defendants' wrongful actions and omissions, Mr. Wright endured physical pain and suffering, and he experienced severe anguish, depression, anxiety, fear, sleep disturbances and emotional distress.  His relationship with his daughter suffered long-term damage.  It has taken Mr. Wright almost two years to put his life back together, including obtaining reliable transportation, employment, housing, re-enrolling in technical college, and establishing visitation with his daughter.  He continues to suffer from post-traumatic stress, depression, sleep, and anxiety disorders, and he continues to experience severe fear and anxiety that he will again be re-arrested and re-incarcerated without cause or due process of law.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Federal Civil Rights Violations Under 42 U.S.C. § 1983)**

5.1   By virtue of the facts set forth above, all the Defendants except the Washington State Department of Corrections are liable for compensatory and punitive damages for deprivation of the civil rights of Plaintiff Orlando Wright guaranteed by the Fourth and

COMPLAINT - 8

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

11639.1 lc096001

Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures of his person.

5.2 By virtue of the facts set forth above, all the Defendants except the Washington State Department of Corrections are liable for compensatory and punitive damages for deprivation of the civil rights of Plaintiff Orlando Wright guaranteed by the Fifth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983 to be free from deprivations of liberty without due process of law.

## SECOND CAUSE OF ACTION

**(State Law Claim – False Arrest)**

5.3 By virtue of the facts set forth above, the Washington State Department of Corrections is liable to Plaintiff Orlando Wright for compensatory damages for false arrest.

## THIRD CAUSE OF ACTION

**(State Law Claim – Outrage)**

5.4 By virtue of the facts set forth above, the Washington State Department of Corrections is liable to Plaintiff Orlando Wright for compensatory damages for the tort of outrage.

## FOURTH CAUSE OF ACTION

**(State Law Claim – Negligence)**

5.5 By virtue of the facts set forth above, the Washington State Department of Corrections is liable to Plaintiff Orlando Wright for compensatory damages for negligence.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief against Defendants as follows:

6.1 Compensatory damages;

6.2 Punitive damages from the individual Defendants on Plaintiff's claims under 42 U.S.C. § 1983;

6.3 Costs, including reasonable attorney's fees, under 42 U.S.C. § 1988 and to the extent otherwise permitted by law;

COMPLAINT - 9

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

11639.1 lc096001

6.4     Such other relief as may be just and equitable.

DATED this 16th day of March, 2018.

                        MacDONALD HOAGUE & BAYLESS

                        By: */s/ Tiffany Cartwright*
                             Tiffany M. Cartwright, WSBA #43564
                             tiffanyc@mhb.com
                             David J. Whedbee, WSBA #35977
                             davidw@mhb.com
                             Jesse Wing, WSBA #27751
                             jessew@mhb.com
                             Attorneys for Plaintiff

MAZZONE LAW FIRM

                        By: */s/ Braden Pence*
                             Braden Pence, WSBA #43495
                             bradenp@mazzonelaw.com
                             Attorneys for Plaintiff

COMPLAINT - 10

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

11639.1 lc096001