The Honorable Robert Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ORLANDO WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAN PACHOLKE, TINA BURGESS, DENISE HINRICHSEN, MAC PEVEY, ELISABETH RASLER, WENDY STIGALL, and the WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>　　　　Defendants. | NO. 2:18-cv-00399RSL<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT<br><br>JURY DEMAND |

## JURY DEMAND

Defendants request that the issues of fact herein be tried to a twelve-person jury.

## ANSWER

Answering Plaintiff's Complaint, Defendants admit, deny and allege as follows:

### I.     NATURE OF THE CASE

Paragraph I states argument that requires no answer. Notwithstanding the foregoing, Defendants admit defendant Department of Corrections (DOC) released from confinement certain offenders, including Plaintiff, before the expiration of their proper term of confinement, and that this was due in part to a software error. Defendants further admit Plaintiff was lawfully arrested on

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT AND
JURY DEMAND
CAUSE NO. 2:18-cv-00399

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

two warrants and re-incarcerated for the remainder of his proper term of confinement. Defendants deny the balance of the allegations contained in paragraph I.

## II.   PARTIES

2.1   Defendants lack knowledge or information sufficient to responsibly admit or deny the allegations contained in paragraph 2.1 and, therefore, deny the same.

2.2   Admitted.

2.3   Admitted.

2.4   Admitted.

2.5   Admitted.

2.6   Admitted.

2.7   Admitted.

2.8   Admitted.

## III.   JURISDICTION AND VENUE

3.1   Paragraph 3.1 states a legal conclusion that requires no answer.

3.2   Paragraph 3.2 states a legal conclusion that requires no answer.

## IV.   FACTS

4.1   Defendants admit Plaintiff's original release date was November 6, 2012.

4.2   Defendants admit Plaintiff was sentenced to incarceration for eight years to be served consecutively, comprised of three years for robbery in the first degree and five years for a firearm enhancement. Defendants deny the balance of the allegations stated in paragraph 4.2.

4.3   Defendants admit Plaintiff's original release date was November 6, 2012.

4.4   Defendant Stigall admits that in December 2012, she received an inquiry about the release of an offender that questioned the offenders release date, leading her to discover that for ten years, DOC's software incorrectly applied good-time credits to enhancements for some offenders. Defendants deny the balance of the allegations stated in paragraph 4.4.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND
CAUSE NO. 2:18-cv-00399

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1    4.5    Defendant Stigall admits she received a December 7, 2012 email from former Assistant Attorney General, Ronda Larson, referencing a problem with OMNI's calculation method for sentences, which subtracted the jail time served from the enhancement rather than the base sentence and which resulted in some offenders receiving more good time credit than allowed by statute. Defendants deny the balance of the allegations contained in paragraph 4.5.

4.6    Defendant Stigall admits she received a December 7, 2012 email from Larson advising that DOC's manual re-calculation of sentences was not necessary at that time.

4.7    Defendant Stigall admits she received a December 7, 2012 email from Larson advising that DOC can wait for the OMNI reprogramming and that some offenders would be released earlier than the law allows until that reprogramming occurred. Defendant Stigall also admits Larson's email stated that since DOC discovered this problem internally and was not under a specific court direction to remedy it immediately, the problem did not require the immediate input of personnel resources to do hand-calculations for hundreds of sentences.

4.8    Admitted.

4.9    Defendant Stigall admits she submitted a December 27, 2012 Information Technology Service Request stating a business need to improve business practices and performance by reprogramming the OMNI application of jail good time credits. Defendants admit that on December 24, 2015, then-DOC Secretary, Dan Pacholke, directed the review of the sentence structures of all offenders in DOC custody after July 3, 2002. Defendants deny the balance of the allegations stated in paragraph 4.9.

4.10    Paragraph 4.10 states an allegation of law that requires no answer. Notwithstanding the foregoing, Defendants deny the same.

4.11    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.11 and, therefore, deny the same.

4.12    Defendants admit Plaintiff was under community supervision by DOC following his premature release. Defendants lack knowledge or information sufficient to admit or deny the

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT AND
JURY DEMAND
CAUSE NO.  2:18-cv-00399

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

balance of the allegations contained in paragraph 4.12 and, therefore, deny the same.

4.13   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.13 and, therefore, deny the same.

4.14   Denied.

4.15   Defendants admit that on November 3, 2014, Community Corrections Officer Robert Herrera discussed Plaintiff signing his "notice of offender" letter regarding the end of supervision by DOC. Defendants deny the balance of the allegations contained in paragraph 4.15.

4.16   Defendants admit that on November 3, 2014 any conditions of supervision imposed by the DOC were no longer in effect and Plaintiff was still subject to the Court imposed conditions and requirements.

4.17   Admitted.

4.18   Admitted.

4.19   Denied.

4.20   Admitted.

4.21   Admitted.

4.22   Denied.

4.23   Denied.

4.24   Defendants admit that on December 24, 2015, then-Secretary Dan Pacholke issued instructions to DOC staff directing review for errors of the sentence structures of all offenders who were in custody at any point after July 3, 2002, if their sentences included both pretrial jail good time and a flat time sentence enhancement. Defendants deny the balance of the allegations contained in paragraph 4.24.

4.25   Admitted.

4.26   Admitted.

4.27   Paragraph 4.27 in an incomplete sentence that does not call for an answer. Notwithstanding the foregoing, Defendants deny the same.

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT AND
JURY DEMAND
CAUSE NO. 2:18-cv-00399

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

1  4.27.1  Denied.

2  4.27.2  Admitted.

3  4.27.3  Admitted.

4  4.27.4  Denied.

5  4.28  Denied.

6  4.29  Admitted.

7  4.30  Admitted.

8  4.31  Admitted.

9  4.32  Admitted.

10  4.33  Paragraph 4.33 in an incomplete sentence that does not call for an answer. Notwithstanding the foregoing, Defendants deny the same.

4.33.1 Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.33.1 and, therefore, deny the same.

4.33.2 Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.33.2 and, therefore, deny the same.

4.33.3 Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.33.3 and, therefore, deny the same.

4.33.4 Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.33.4 and, therefore, deny the same.

4.33.5 Denied.

4.33.6 Admitted.

4.33.7 Admitted.

4.33.8 Denied.

4.34  Paragraph 4.34 states an allegation of law that requires no answer. Notwithstanding the foregoing, Defendants deny the same.

DEFENDANTS' ANSWER TO
PLAINTIFF'S COMPLAINT AND
JURY DEMAND
CAUSE NO. 2:18-cv-00399

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

4.35    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.35 and, therefore, deny the same.

4.36    Admitted.

4.37    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.37 and, therefore, deny the same.

4.38    Admitted.

4.39    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.39 and, therefore, deny the same.

4.40    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4.40 and, therefore, deny the same.

## V.    CAUSES OF ACTION

**A.    FIRST CAUSE OF ACTION – Federal Civil Rights Violations Under U.S.C. § 1983**

5.1    Denied.

5.2    Denied.

**B.    SECOND CAUSE OF ACTION – State Law Claim – False Arrest**

5.3    Denied.

**C.    THIRD CAUSE OF ACTION – State Law Claim – Outrage**

5.4    Denied.

**D.    FOURTH CAUSE OF ACTION – State Law Claim – Negligence**

5.5    Denied.

Defendants deny every allegation in Plaintiff's Complaint unless specifically admitted.

By Way of FURTHER ANSWER and AFFIRMATIVE DEFENSES, Defendants allege:

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Plaintiff failed to exhaust his administrative remedies.

3.    Plaintiff's claims are barred by the doctrine of estoppel.

4.    Plaintiff's claims are barred by the doctrine of laches.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND
CAUSE NO. 2:18-cv-00399

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

5. Plaintiff's injuries and damages, if any, were proximately caused or contributed to by Plaintiff's fault, as defined by RCW 4.22.015.

6. All actions of Defendant State of Washington herein alleged as negligence manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable.

7. Plaintiff's claims are barred by the statute of limitations.

8. Plaintiff's claims alleged under 42 U.S.C. § 1983 against the individual defendants are barred by the doctrine of qualified immunity.

9. If Plaintiff suffered damages, his failure to mitigate his damages bars recovery.

10. Defendant State of Washington, its agencies and agents, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.

11. Plaintiff's claims are not well grounded in fact or warranted by existing law or a good faith argument for extension, modification or reversal of existing law or the establishment of new law, are interposed for an improper purpose, and are frivolous and advanced without reasonable cause. Plaintiff and his counsel were aware of these facts prior to commencing this action.

WHEREFORE, Defendants pray that the court dismiss Plaintiff's Complaint with prejudice, that Plaintiff take nothing by his Complaint, and that Defendants be allowed their costs and reasonable attorney fees herein.

DATED this 2nd day of May 2018.

ROBERT W. FERGUSON
Attorney General

*s/ Paul Triesch*
PAUL TRIESCH, WSBA No. 17445
Assistant Attorney General
800 5th Ave., Suite 2000; Seattle, WA 98104
Tel: 206-464-7352; Fax: 206-587-4229
Email: pault@atg.wa.gov
Attorneys for Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND
CAUSE NO. 2:18-cv-00399

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352

**DECLARATION OF SERVICE**

I declare that on this 2nd day of May 2018, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tiffany Cartwright: tiffanyc@mhb.com
David Whedbee: davidw@mhb.com
Jesse Wing: jessew@mhb.com
Braden Pence: bradenp@massonelaw.com

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 2nd day of May 2018, in Seattle, Washington.

*s/ Valerie Tucker*
VALERIE TUCKER – Legal Assistant
800 Fifth Ave Suite 2000; Seattle, WA 98104
Tel: 206-464-7352; Fax: 206-587-4229
Email: valeriet@ATG.WA.GOV

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND
CAUSE NO. 2:18-cv-00399

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7352